## Craig's Estate

*Joseph L. Prince,* for Howard B. Reilly, administrator of the estate of Elizabeth Becker Craig, deceased.

*Julian W. Barnard,* for William Meyer, executor of the estate of Earl B. Craig, deceased.

*Desmond J. McTighe,* for certain of next of kin of Elizabeth Becker Craig, deceased.

KNIGHT, P. J., of court of common pleas of thirty-eighth judicial district, specially presiding, April 1, 1946.—This matter comes before the court on a citation to show cause why a certain proposed compromise should not be approved. An answer was filed and a hearing held at which evidence was adduced.

From this evidence and the undenied averments in the pleadings we find the following

*Facts*

1. Elizabeth Becker Craig died on December 28, 1944, intestate, and letters of administration on her estate were granted to Howard B. Reilly by the Register of Wills of Montgomery County.

2. The next of kin of Elizabeth Becker Craig are Lydia Becker Hannan, a sister; Sarah Becker Reilly, a sister; Howard Becker, a brother, and the heirs-at-law of Oscar Becker, a deceased brother, namely, Lorrein Becker Filkin, Russell L. Becker, and Thelma Moll Hopkins.

3. The estate of Elizabeth Becker Craig consists of cash in the sum of $303.50, some clothing, and the legacy hereinafter mentioned. The administrator has paid the funeral expenses of the decedent amounting to $726.25.

4. Amelia Craig Tobin, a resident of Atlantic City, New Jersey, died a number of years before Elizabeth Becker Craig, leaving a will which has been duly proved. The estate of Amelia Craig Tobin is now before

the court in New Jersey for adjudication and distribution.

5. By her will Amelia Craig Tobin left the residue of her estate in trust directing that from the income payments were to be made to certain persons during the lifetime of three people. Upon the death of the last survivor of these three the corpus of the residue was to be distributed. The last survivor died January 26, 1943.

6. In directing the distribution of the corpus of her residuary estate Amelia Craig Tobin gave to Elizabeth Becker Craig, if living at that time, a legacy of $10,000.

7. Among the effects in the safe of Dr. Earl B. Craig, deceased, was found the following paper in the handwriting of Elizabeth Becker Craig:

"Philadelphia December 21, 1935

"Any money that may be coming to me, Elizabeth Becker Craig, from the Estate of Amelia Craig Tobin, I want to go to Dr. and Mrs. Earl B. Craig 7620 Montain Ave., Elkins Park, Pa.

Elizabeth B. Craig
821 West Cambria St. Phila. Pa."

On the back of the paper appears the following:
"This is a copy of part of my will.
Elizabeth B. Craig."

8. A letter written by Elizabeth Becker Craig to the wife of Dr. Craig was also found among his papers. This letter was dated March 29, 1941, and contained the following: "Keep the enclosed you will see what it is. Hope it may mean something to you someday. Bess." The "enclosed" was evidently the writing set forth in finding 7.

9. Florence B. Craig referred to as "Mrs. Earl B. Craig" in the writings described in findings 7 and 8, died February 27, 1943, leaving as her sole heir and next of kin her husband, Dr. Earl B. Craig, who died

December 17, 1944, leaving a will of which William Meyer is the executor.

10. Both William Meyer, executor of the estate of Dr. Earl B. Craig, and Howard B. Reilly, administrator of the estate of Elizabeth Becker Craig, claim the legacy mentioned in finding 6 and all interest accumulated thereon.

11. The fiduciaries named in the preceding finding have agreed to divide the above mentioned legacy between them provided such compromise is approved by this court.

12. Russell L. Becker, Lorrein Becker Filkin, Thelma Moll Hopkins, and Howard R. Becker, being some of the next of kin of Elizabeth Becker Craig (see finding 2) oppose the proposed compromise.

## Discussion

The petition in this matter was filed under section 40 of the Fiduciaries Act of June 7, 1917, P. L. 447, wherein it is provided, inter alia, that whenever it shall be proposed to compromise any claim by or against the estate of a decedent the orphans' court is authorized and empowered upon petition setting forth all of the facts and with notice to all interested parties to enter a decree authorizing such compromise, which decree shall operate to relieve the fiduciary of responsibility in the premises.

The administrator of the estate of Elizabeth Becker Craig claims the legacy described in the findings because it vested in decedent upon the death of the last life beneficiary under the will of Amelia Becker Tobin. The executor of the estate of Earl B. Craig claims the legacy by virtue of the writings set forth in findings 7 and 8. No facts are in dispute, the validity and effect of the above-mentioned writings is a pure question of law. The question must be decided by the courts of a foreign jurisdiction, namely, New Jersey. Petitioner

avers that the compromise should be approved for two reasons. First that there is doubt as to the validity of his claim to the legacy. Second that litigation in the New Jersey courts will be long and costly and there is no money in decedent's estate to pay such expenses.

When petitioner seeks the protection of the court in compromising a claim of his decedent the court must look beyond the mere statement that there is some doubt as to the validity of the claim and satisfy itself that a real and substantial doubt exists which would make a compromise desirable for the best interests of the estate. Here the doubt revolves about a question of law which must be decided by the courts of a sister State under the law of that State, which may be different from our own. How then can this court determine if a substantial doubt in reference to petitioner's claim exists which would make it to the best interest of the estate to give up half of a $10,000 legacy in order to effect a compromise, particularly in the face of the determined opposition of those who have a one-half interest in the estate of petitioner's decedent. We believe the legal question involved in the dispute between the two fiduciaries as to the right to the legacy must be decided by the courts of New Jersey, therefore, we express no opinion as to the merit or lack of merit of the respective claims. It may not, however, be inappropriate to say that we have grave doubt as to the validity of the claim of the executor of Dr. Earl B. Craig and this doubt is another reason in support of the decision we are making.

Petitioner avers that if a compromise is not made the litigation in the New Jersey courts will be long and costly. This is denied by respondents. Obviously, under the circumstances here existing petitioner should not be required to pay out money or obligate himself for the payment of costs, fees and expenses of litigation

unless those entitled to the estate of Elizabeth Becker Craig advance the money or give him a sufficient guaranty that he will be reimbursed for such outlays if he is unsuccessful in the litigation.

*Decree*

And now, April 1, 1946, the proposed compromise is not authorized. Petitioner shall not be required to pay out or obligate himself to pay out any money for costs, fees, and expenses, in prosecuting his claim for the legacy mentioned in the findings of fact, unless the money is advanced by those entitled to the estate of Elizabeth Becker Craig, or a sufficient guaranty given therefor in the event that the case is decided adversely to petitioner.